# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

K. NEAL IDEALEASE INC.,

     Plaintiff,

     v.

WTC 2 INC.,
*Trading as World Trade Company,*

     Defendant.

Civil Action No. TDC-15-2121

## MEMORANDUM OPINION

On July 21, 2015, Plaintiff K. Neal Idealease Inc. ("K. Neal") filed a complaint alleging breach of contract and conversion by Defendant WTC 2 Inc. ("WTC"). The Clerk entered WTC's default on October 8, 2015. Pending before the Court is K. Neal's Motion for Entry of Default Judgment. Having reviewed the pleadings, briefs, and supporting documents, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

### I.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Under Rule 55(b)(2), after a default has been entered by the clerk, the court may, upon the plaintiff's application and notice to the defaulting party, enter a default judgment. Fed R. Civ. P. 55(b)(2). A defendant's default does not, however, automatically entitle the plaintiff to entry of a default

judgment; rather, that decision is left to the discretion of the court. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[T]rial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom."); *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002). The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), but default judgment may be appropriate "when the adversary process has been halted because of an essentially unresponsive party," *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005); *see H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) ("[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.").

In reviewing a Motion for Default Judgment, the court accepts as true the well-pleaded factual allegations in the complaint relating to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). However, it remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. *Id.*; *see also* 10A Charles Allan Wright & Arthur R. Miller, Federal Practice & Procedure § 2688 (3d ed. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."). If liability is established, the court must then determine the appropriate amount of damages. *See Ryan*, 253 F.3d at 780-81.

As to damages, the court cannot accept as true the factual allegations of the plaintiff, but must instead make an independent determination. *See Dundee Cement Co. v. Howard Pipe &*

2

*Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *Lawbaugh*, 359 F. Supp. 2d at 422. To do so, the court may conduct an evidentiary hearing, *see* Fed. R. Civ. P. 55(b)(2), or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award. *See Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.").

## II.      Breach of Contract

In 2006, WTC leased three commercial trucks from K. Neal pursuant to a Vehicle Lease and Service Agreement ("Lease Agreement").   Between July 2014 and January 2015, WTC failed to make several payments required by the Lease Agreement.   K. Neal declared a default under the Lease Agreement and provided WTC with an opportunity to cure that default.   When WTC did not do so, K. Neal terminated the Lease Agreement and invoked a provision obligating WTC to purchase the trucks within 10 days.   WTC did not purchase the trucks.

The Lease Agreement contains a choice-of-law clause providing that the law of the state of the lessor's domicile governs the interpretation of the contract.   Because K. Neal is domiciled in Maryland, the Court will apply Maryland law to the breach of contract claim.   *See Cunningham v. Feinberg*, 107 A.3d 1194, 1204 (Md. 2015) (stating that Maryland courts generally follow choice-of-law clauses in contracts).   A review of the Complaint reveals that K. Neal has alleged that WTC breached a valid contract and has set forth sufficient facts to establish its entitlement to a default judgment on its breach of contract claim.   *See Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001).

### III.    Conversion

Because K. Neal acknowledges that WTC's initial possession of the trucks was lawful, K. Neal can only recover under a theory of constructive conversion. *See K & K Mgmt., Inc. v. Lee,* 557 A.2d 965, 982-83 (Md. 1989). A constructive conversion does not occur unless the plaintiff demands that the defendant return the unlawfully retained property. *Mattingly v. Mattingly,* 133 A. 625, 626 (1926). Here, after WTC failed to make required payments, K. Neal invoked a contractual provision requiring that WTC purchase the trucks. The Complaint, however, does not allege that K. Neal at any point demanded that WTC return the trucks. Therefore, the facts in the Complaint do not establish a claim for constructive conversion. The Motion for Default Judgment on this claim is denied. The Court notes, however, that the alleged damages for conversion are fully encompassed by the damages for breach of contract, such that the damages award would not be higher even if the Motion were granted as to the conversion claim.

### IV.    Damages

K. Neal's Motion seeks $214,818.56 in damages and costs, as well as post-judgment interest. K. Neal claims that, pursuant to the Lease Agreement, WTC owes $154,998 for the purchase of the three trucks, $41,789 for missed monthly lease payments, $5,624 for unpaid service and repair invoices, $2,283 for 2015 Personal Property taxes on the vehicles, $3,232.06 in pre-judgment late charges on invoices unpaid as of August 31, 2015 at the rate set in the Lease Agreement, and $6,892.50 for attorney's fees, costs, and expenses related to this action. K. Neal supports its damages request with an affidavit from Sharon Richard, its Senior Vice President and Chief Financial Officer, as well as worksheets showing its calculations of the present value of the trucks and of the pre-judgment late charges.

The Complaint sought similar, but not identical, damages for the breach of contract claim. It requested a total of $198,086.80, consisting of $162,613 for the purchase of the vehicles and $35,473.80 for invoices unpaid as of July 1, 2015. It also sought pre-judgment late charges on unpaid invoices at the rate set in the Lease Agreement, post-judgment interest, attorney's fees, costs, and expenses. The Complaint made no mention of property taxes.

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "When a complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages. The rationale is that a default judgment cannot be greater than the specific amount sought because the defendant could not reasonably have expected that his damages would exceed that amount." *Meindl v. Genesys Pac. Techs., Inc.* (*In re Genesys Data Techs., Inc.*), 204 F.3d 124, 132 (4th Cir. 2000) (internal citations omitted); *see also* 10A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2663 (3d ed. 2010). Consequently, the Court will cap the damage award for the vehicles, missed monthly payments, and unpaid service and repair invoices at the amount requested in the Complaint, $198,086.80. *See Silge v. Merz*, 510 F.3d 157, 159-60 (2d Cir. 2007) (affirming a decision to cap damages on a default judgment at the amount requested in the complaint). The Complaint also put WTC on notice that K. Neal would be seeking pre-judgment late charges on unpaid amounts at the rate set by the Lease Agreement, so the Court will award $3,232.06 in pre-judgment late charges. K. Neal is entitled by statute to post-judgment interest as calculated under federal law, so the Court need not specifically award it. *See* 28 U.S.C. § 1961(a) (2012) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

The Court will not award damages for property taxes, which were not mentioned in the Complaint. Furthermore, although the Complaint made a demand for attorney's fees, costs, and expenses, the Motion provided no support for its request for $6,892.50 in these categories other than a reference to this amount in the affidavit submitted by the Chief Financial Officer of K. Neal. Ordinarily, awards of attorney's fees and legal costs and expenses must be supported by evidence of the number and purpose of billable hours, the attorney's hourly rate, the attorney's years of experience, and an itemized list of costs. D. Md. Local R. 109, App. B. In the absence of such information as contemplated by Rule 109 and Appendix B of the Local Rules of this District, the Court does not find sufficient basis to award attorney's fees and costs. The total award is thus $201,318.86. K. Neal may file a motion for award of attorney's fees and costs within 14 days of the date of this Order attaching supporting information sufficient to permit the Court to make an award. *See* D. Md. Local R. 109, App. B.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that K. Neal's Motion for Default Judgment is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED with respect to the breach of contract claim (Count I) and DENIED with respect the conversion claim (Count II). K. Neal is awarded $201,318.86 in damages. A separate Order shall issue.

Date: April 11, 2016

THEODORE D. CHUANG
United States District Judge

6